UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK HOFFMAN,

       Plaintiff,

v.

JOHN HEMINGWAY, *et al.*,

       Defendants.

_____/

Case No. 2:20-cv-13264
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

### ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 15)

**A.  Background**

Plaintiff Mark Hoffman, proceeding *in forma pauperis* (ECF Nos. 2, 4), is currently incarcerated at the Milan Federal Correctional Institution (FCI Milan). *See* https://www.bop.gov/inmateloc/. On December 4, 2020, he filed the instant action against five Defendants, claiming Eighth Amendment violations related to a slip and fall at FCI Milan. (ECF No. 1.)

Judge Drain referred this case to me for all pretrial matters on July 21, 2021. (ECF No. 16.)

**B.  Instant Motion**

Currently before the Court is Plaintiff's April 22, 2021 motion for appointment of counsel. (ECF No. 15.) As a preliminary matter, the Court does

not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court **may request** an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to **recruit counsel** under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases."). The appointment of counsel in a civil case, therefore, "is a privilege and not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation and citation omitted).

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel . . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004) (citations

2

omitted).[1]  Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of authority is limited to exceptional circumstances.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merits of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself.  *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993).

### C.    Analysis

In support of his motion, Plaintiff states only:

> Due to the Nation Emergency Lockdown of the prison for coronavirus thats still is on going.  Results in the lack of resour[c]es such as law books, law clercks [sic], copy machines, and typewriters Etc. and inexper[i]ence.  Wherefore, for the above reasons, Plaintiff respectfully requests this court grant this motion to appoint Plaintiff counsel.

(ECF No. 15, PageID.119) (formatted.)  Applying the foregoing authority, Plaintiff has not described any exceptional circumstances to justify a request for appointment of counsel at this time.

---

[1] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915, the Court may only request that an attorney represent an indigent plaintiff.

First, although Plaintiff asserts that he lacks experience, he has already illustrated his ability to articulate and adequately communicate his requests to the Court. His motion for appointment of counsel, although quite brief, is organized and clearly states his position. Thus, he seems quite capable of presenting his case and representing himself. And Plaintiff sought and was granted leave to proceed *in forma pauperis*. (ECF Nos. 2, 4.)

Second, although the Court recognizes the current difficulties associated with the COVID-19 pandemic, these difficulties apply to nearly every *pro se* prisoner proceeding *in forma pauperis*, and do not constitute exceptional circumstances. Further, Plaintiff's case, in which he alleges Eighth Amendment violations associated with a slip and fall (ECF No. 1, PageID.4-15), does not present unusually complex issues.

Finally, due to the limited number of *pro bono* counsel who are willing and available and the large number of prisoners who would like the help of volunteer attorney services, the Court generally waits to seek *pro bono* counsel until the dispositive motion deadline has passed and/or any of a plaintiff's claims survive dispositive motion practice. Here, no scheduling order has been entered, but Defendants filed a motion to dismiss on April 6, 2021, and the Court has not yet ruled on that motion. Thus, seeking *pro bono* counsel at this stage of litigation would be premature.

### D. Order

Upon consideration, Plaintiff's April 22, 2021 motion for appointment of counsel (ECF No. 15) is **DENIED WITHOUT PREJUDICE**. Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or other circumstances demonstrate such a need in the future.

If and when appropriate, the Court will set discovery and dispositive motion deadlines by entry of a scheduling order, under separate cover.

**IT IS SO ORDERED.**

Dated: August, 2020

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE