UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK HOFFMAN,

           Plaintiff,                        Case No. 2:20-cv-13264
                                                 District Judge Gershwin A. Drain
v.                                        Magistrate Judge Anthony P. Patti

JOHN HEMINGWAY, *et al.*,

           Defendants.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS IN PART AND SUBSTITUTE THE UNITED STATES AS THE SOLE DEFENDANT (ECF No. 11)

**I.**    **RECOMMENDATION**: The Court should **GRANT** Defendants' motion to dismiss (ECF No. 11) as to all Eighth Amendment claims and all named individuals, and substitute the United States as the sole defendant on the Federal Tort Claims Act claim, which should go forward.

**II.**    **REPORT**

    **A.**    **Background**

        **1.**    **Factual Background**

Plaintiff Mark Hoffman, proceeding *in pro per*, is currently incarcerated at the Milan Federal Correctional Institution (FCI Milan). *See* https://www.bop.gov/inmateloc/. On December 4, 2020, he filed the instant action

pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971),

against five FCI Milan employees—Warden John Hemingway, Sports Specialist

Jason Berger, Recreation Specialist Samuel Queen, Health Services Registered

Nurse Pamella Duncan, and Compound Officer Charles Bradley (collectively

Defendants)—in their individual capacities only.  He pleads Eighth Amendment

violations and various misfeasances related to snow and ice removal, his resulting

slip and fall on ice at FCI Milan, and his lack of medical treatment for consequent

injuries, further noting that he had filed grievances in connection with this incident

for a federal tort claim.  (ECF No. 1.)[1]

Specifically, Plaintiff alleges that on January 19, 2020, the gate to the

recreation area was opened and he got twenty feet before falling on ice and hurting

his hands, knees, back, and shoulder.  (ECF No. 1, PageID.11-12.)  He had his

injuries treated at Health Services, but at the time of his complaint, he still had

scars on his hands as well as back and shoulder pain and had not yet been sent for

an MRI of his shoulder.  (ECF No. 1, PageID.11-13.)  As stated by Plaintiff:

> [He] was injured due to a slip and fall on ice outside of the
> recreational department because of failure to remove – the snow and
> ice – from – sidewalk leading to – the leaser room – the injuries that
> [he] sustained were – witnessed – recorded – and – cared for by the
> Milan – F.C.I – medical department.  I am – recording this – incident
> through – the administrative remedy – process – in furtherance of –

---

[1] The undersigned has used the employment titles provided for each Defendant in
the motion to dismiss (ECF No. 11, PageID.61-62) as opposed to Plaintiff's
complaint.

2

> civil litigation – in – federal district court seeking – medical – and
> monetary compensation – for injuries on – Monday – 1-20-2020[.]

(ECF No. 1, PageID.11-12.)

With regard to the personal involvement of each Defendant in the circumstances forming the basis of Plaintiff's claims, he alleges that: (1) Warden Hemingway was made aware of his fall and lack of timely medical treatment through administrative remedy case # 1012514-F1; (2) just after his fall, he approached Berger who saw his bloody hands and told him to go to the hospital; (3) Queen then sent him to see Nurse Duncan, and told him later that the snow crew should have shoveled the snow and put down salt; (4) Nurse Duncan treated his injuries on the day of the fall; (5) Bradley asked why his hands were bandaged, and said he was called to put down ice melt right after the incident; and (6) on "7-6-20," he told Queen he still had not gotten an MRI.  (ECF No. 1, PageID.6-8, 11-13.)  He also provides a list of the medical care he received, but does not specifically indicate who provided the majority of that care.  (ECF No. 1, PageID.13, 15.)

Finally, Plaintiff states that as of November 22, 2020, he still had not gotten an MRI, and seeks compensation of $50,000 per Defendant, plus punitive damages.  (ECF No. 1, PageID.15.)  In so doing, he alleges that his injuries would prevent him from returning to his previous work with Iron Workers Local 67, resulting in lost wages and pension benefits.  (ECF No. 1, PageID.13.)

3

## 2. Instant Motion

On April 6, 2021, Defendants filed the instant motion to dismiss pursuant to

Fed. R. Civ. P. 12(b)(1) and (6), requesting that the Court dismiss Plaintiff's

complaint because: (1) it fails to state a plausible Eighth Amendment claim of

deliberate indifference to serious medical needs; (2) they are entitled to qualified

immunity; and (3) Plaintiff failed to exhaust his administrative remedies.  (ECF

No. 11, PageID.52, 60-75.)  Further, Defendants state that "to the extent the

complaint attempts to state any common-law tort claims, [Plaintiff] fails to allege

that he exhausted his administrative remedies as required by the Federal Tort

Claims Act."  (ECF No. 11, PageID.73-74.)

Plaintiff filed his response in opposition on September 24, 2021, and

attempted to clarify his claims, stating:

> [Plaintiff], specifically claims that some of the defendant's [sic]
> are liable for injuries and suffering while others are liable for just his
> suffering, to wit: Defendant's [sic] Charles Bradley (Compound
> Officer), Jason Burger (Sports Specialist Officer), Samuel Queen
> (Recreation Specialist Officer) along with Warden John Hemingway
> are responsible for both injuries and his constant suffering (pain from
> back and shoulder) because of the failure to follow their duties as
> assigned them under Federal Code of Regulation, Department of
> Justice Bureau of Prisons Programs Statement and United States
> Const[it]ution; and that, Pamella Du[n]can (PRN at FCI Milan's
> Health Service) and John Hemingway are responsible for his constant
> suffering via their neglect to subside [Plaintiff's] pain by surgery and
> or proper medication until surgery.

4

(ECF No. 22, PageID.133.)  He also responds to Defendant's three arguments for dismissal.  Plaintiff asserts that he states Eighth Amendment claims against Warden Hemingway and Duncan because he alleges that they did not attend to his pain via surgery or proper medication, and that he "has demonstrated that he indeed did slip and fall on the ice based on the defendant's failure to attend to their duties on January 19, 2020 by not applying ice melt in and around the gate of FCI Milan's recreation [sic] facilities."  (ECF No. 22, PageID.134.)  And with regard to qualified immunity and exhaustion, Plaintiff argues that he "followed through with his Administrative Remedy under his Tort Claim to the extent he could under his current condiction [sic]," and that these are questions he could better answer with the assistance of counsel.  (ECF No. 22, PageID.134-135.)  Accordingly, within his motion response, he again requests the appointment of counsel.  (ECF No. 22, PageID.135.)  He does not demonstrate any material change in circumstances since his last request for counsel was denied less than one month earlier.  (ECF No. 20.)

In their reply brief, filed on October 21, 2021, Defendants generally reiterate the arguments made in the motion to dismiss (ECF No. 23, PageID.141-143), but reverse course on exhaustion of any potential tort claims, stating:

> In his complaint, [Plaintiff] alleged that his slip and fall arose from an "FBOP employee's negligent acts."  (ECF No. 1, PageID.11.)  However, the complaint is styled as an action for violation of civil rights and only sues individual defendants in their individual capacities.  Accordingly, it is not clear whether [Plaintiff's] references to negligence are meant to support his Eighth Amendment claim or to

attempt to state an additional claim under the Federal Tort Claims Act. However, to the extent that the Court finds that the complaint states a negligence claim under the Federal Tort Claims Act, *Defendants would not contest the assertion in [Plaintiff's] response brief that he has exhausted administrative remedies for such a claim and would move to substitute the United States as the only proper defendant to such a claim.*

(ECF No. 23, PageID.144 (emphasis added).)

## B.    Standards

### 1.    Fed. R. Civ. P. 12(b)(1)

"When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996).  In reviewing a motion under Rule 12(b)(1), the "court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003).  When faced with a challenge to subject matter jurisdiction, "a court must address that issue before all others." *Cain v. Redbox Automated Retail, LLC*, 981 F.Supp.2d 674, 681 (E.D. Mich. 2013) (collecting cases).

Motions under Rule 12(b)(1) fall into two categories: "facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  A facial attack challenges "the sufficiency of the pleading itself," and the "court must

take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Id*. A factual attack does not challenge the sufficiency of the allegations, but is a "challenge to the factual existence of subject matter jurisdiction," to which "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear a case." *Id*. (internal citation omitted).

### 2.     Fed. R. Civ. P. 12(b)(6)

When deciding a motion to dismiss under Rule 12(b)(6), the courts must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the

7

strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013).  To make this determination, a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).  Moreover, "courts may not rewrite a complaint to include claims that were never presented, nor may courts construct the plaintiff's legal arguments for him.  Neither may the Court 'conjure up unpled allegations.'" *Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.) (internal citations omitted).[2]

---

[2] *See also Evans v. Mercedes Benz Fin. Servs.*, LLC, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.) ("Even excusing plaintiff's failure to follow Rule 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

### C.    Discussion

#### 1.    Plaintiff's request for appointment of counsel embedded within his response (*see* ECF No. 22)

Plaintiff requests the appointment of counsel in his response to Defendants'

motion to dismiss "so that counsel amend the suit to clearify [sic] an[y]

discrepencies [sic] and or specifics for the defendants for that the court can decide

whether expedited surgery is warranted and/or changes to medication until then

and/or any compensation as a result of Defendants failures of its duties."  (ECF

No. 22, PageID.135.)  However, nothing thus far has prevented Plaintiff from

seeking leave to amend his complaint *in pro per* pursuant to Fed. R. Civ. P. 15(a),

to make the clarifications he now recognizes are necessary.  Nor is it for this Court

to make medical judgments as to the timing or necessity of surgery or changes in

his medication, particularly where a showing of deliberate indifference is lacking,

as discussed below.  For the same reasons stated in the Court's August 26, 2021

order (ECF No. 20, PageID.128-129), I see no reason to appoint counsel before

proceeding to the merits of this motion.

#### 2.    The Court should find that Plaintiff has failed to state a claim for Eighth Amendment deliberate indifference against any of the Defendants

In *Bivens*, the Supreme Court "recognized for the first time an implied

private action for damages against federal officers alleged to have violated a

citizen's constitutional rights." *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61,

9

66 (2001).  "Under *Bivens*, a plaintiff must initially demonstrate (1) a challenged action attributable to a person acting under color of federal law, and (2) conduct that deprives the party of a constitutionally protected interest."  *Left Fork Min. Co., Inc. v. Hooker*, 775 F.3d 768, 774 (6th Cir. 2014).

> a.    **To the extent Plaintiff claims that Defendants acted with deliberate indifference in violation of the Eighth Amendment for failing to clear and/or salt the snow and ice, those claims fail as a matter of law**

Plaintiff alleges generally that he fell on unplowed and unsalted snow and ice at FCI Milan, leading to injury.  (ECF No. 1.)  And in his response to the instant motion, he attempts to clarify which Defendants he believes are responsible for his injuries, stating:

> Defendant's [sic] Charles Bradley (Compound Officer), Jason Burger (Sports Specialist Officer), Samuel Queen (Recreation Specialist Officer) along with Warden John Hemingway are responsible for both injuries and his constant suffering (pain from back and shoulder) because of the failure to follow their duties as assigned them under Federal Code of Regulation, Department of Justice Bureau of Prisons Programs Statement and United States Const[it]ution[.]
>
> *   *   *
>
> Simply, [Plaintiff] has demonstrated that he indeed did slip and fall on the ice based on the defendant's failure to attend to their duties on January 19, 2020 by not applying ice melt in and around the gate of FCI Milan's receration [sic] facilities.

(ECF No. 22, PageID.133-134.)

10

The above is vaguely reflected in Plaintiff's complaint.  He alleges, for

example, that on January 20, 2020, Bradley stopped him to ask what happened to

his bandaged hands, and Bradley said that he was called to put ice melt down right

after the incident.  (ECF No. 1, PageID.8, 12.)  And he states that Warden

Hemingway was aware of his fall and the lack of timely medical treatment for his

injuries.  (ECF No. 1, PageID.6.)

Setting aside whether these statements allege sufficient personal

involvement by Defendants, and even accepting the statements as true, any Eighth

Amendment claim based on these allegations fails as a matter of law, and should

be dismissed.

> Mere negligence is not sufficient to violate the Eighth Amendment,
> *Farmer* [*v. Brennan*, 511 U.S. 825,] 835, 114 S.Ct. 1970, and the
> federal courts have nearly unanimously held that a "slip and fall,
> without more, does not amount to cruel and unusual punishment."
> *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (internal
> quotations and citations omitted); *see also Dellis v. Corr. Corp. of
> Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (dismissing for failure to state
> a claim a prisoner's complaint alleging unconstitutional conditions of
> confinement where the prisoner was deprived of a working toilet and
> was subjected to a flooded cell); *White v. Tyszkiewicz*, 27 Fed.Appx.
> 314, 315 (6th Cir. 2001) (dismissing a prisoner's complaint alleging
> deliberate indifference where prisoner slipped and fell on ice); *Bell v.
> Ward*, 88 Fed.Appx. 125, 127 (7th Cir. 2004) (finding no §
> 1983 violation where prisoner claimed that officials were aware of
> slippery conditions created by other prisoners but took no action to
> remedy the problem, and where the prisoner slipped and fell due to
> those conditions); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir.
> 1993) (holding that slippery prison floors "do not state even an
> arguable claim for cruel and unusual punishment") . . . .

*Lamb v. Howe*, 677 F. App'x 204, 208 (6th Cir. 2017).

> **b.   The Court should also dismiss Plaintiff's complaint for failure to state an Eighth Amendment deliberate indifference claim related to his medical treatment**

> **i.   Inadequate legal basis**

Under the Eighth Amendment, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer*, 511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

The Supreme Court has set forth two requirements to show a violation of the Eighth Amendment—one objective and one subjective.  "First, the deprivation alleged must be, objectively, 'sufficiently serious[.] . . .  [A] prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities[.]'" *Id*. at 834 (citations omitted).  In the medical context, "[t]he objective component requires a plaintiff to show the existence of a 'sufficiently serious' medical need." *Phillips v. Roane Cty., Tenn.*, 534 F.3d 531, 539 (6th Cir. 2008) (citing *Farmer*, 511 U.S. at 834).  "[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment *or* one that is so obvious even a lay person would easily recognize the necessity for a doctor's attention." *Richmond v. Huq*, 885 F.3d 928, 938 (6th Cir. 2008) (quotation marks and citations omitted).

> The subjective component requires a showing that the official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety.  [T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  An express intent to inflict unnecessary pain is not required.  Rather, obduracy and wantonness are required to make a showing of deliberate indifference.  [A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for condemnation, cannot under our cases be condemned as the infliction of punishment.

*Richmond*, 885 F.3d at 939 (internal quotation marks and citations omitted; alterations in original).

The Sixth Circuit has instructed that "[w]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).  "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id*.  "Of course, in some cases the medical attention rendered may be so woefully inadequate as to amount to no treatment at all." *Id*.; *see also White v. Corr. Med. Servs. Inc.*, 94 F. App'x 262, 264 (6th Cir. 2004) ("Although White did not receive the care he wanted, the conduct he alleged did not constitute a deliberate indifference to his medical needs.").

Applying the above standards, the Court should find that Plaintiff's complaint does not state a claim for deliberate indifference to a serious medical need in violation of his Eighth Amendment rights.  While he may disagree with the medical treatment provided for his alleged injuries, and complain that he should have received an MRI (in his complaint) or surgery (in his response brief), this is not a situation where Plaintiff received no treatment at all, or treatment that may be considered woefully inadequate.  *Westlake*, 537 F.2d at 860 n.5.  In fact, Plaintiff provides in his complaint a list of the medical treatment he received, including the cleaning and wrapping of cuts and scratches on the day of the incident and again a couple of days later, prescription of Duloxetine, Naproxen, Ibuprofen, and Toradol, and x-rays of his back, knee, and shoulder.  (ECF No. 1, PageID.8, 13, 15.)   A simple disagreement regarding medical treatment does not rise to the level of a constitutional claim.  *See Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003) ("A patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim.")[3];

---

[3] Even if Plaintiff had pleaded a medical malpractice claim, such a claim may well be prohibited by the pre-suit notice of intent to sue and affidavit of merit statutes under Michigan law.  Mich. Comp. Laws §§ 600.2912b and 600.2912d.  The Sixth Circuit has yet to decide if these statutory requirements apply in federal cases, and there is a split of authority between the two federal districts of this state, and within this district itself, as to whether they are substantive or procedural.  *Albright v. Christensen*, 507 F. Supp.3d 851 (E.D. Mich. 2020) (Michelson, J.) (notice of

14

*Woodberry v. Simmons*, 146 F. App'x 976, 977 (10th Cir. 2005) ("[A] difference of opinion between a prisoner and the prison medical staff about medical treatment does not constitute deliberate indifference."). As Plaintiff received medical attention, the Court should not second guess that treatment on the basis that Plaintiff believes it inadequate.

### ii.    Lack of personal involvement

Moreover, Plaintiff fails to adequately allege the personal involvement of any of the named Defendants in the alleged deficient medical treatment. The Sixth Circuit "has consistently held that damage claims . . . arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lahman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citation omitted). This is because a plaintiff must allege the personal involvement of *each* defendant and must allege facts showing that *each* defendant participated in, condoned,

---

intent is substantive); *Bade v. United States*, No. 11-10780, 2012 WL 1555072 (E.D. Mich. May 1, 2012) (Tarnow, J.) (affidavit of merit is substantive); *Jones v. Correctional Medical Services, Inc.*, 845 F.Supp.2d 824, 858 (W.D. Mich. 2012) (affidavit of merit is substantive); *Hall v. Wellpath*, No. 20-10670, 2020 WL 8465908, at *8-10 (E.D. Mich. Dec. 23, 2020) (Morris, M.J.), *objection to report and recommendation overruled in pertinent part*, 2021 WL 267780 (Steeh, J.) (detailing split of authority and finding both statutes procedural). Plaintiff did not file an affidavit of merit "signed by a health professional" with his complaint. Mich. Comp. Laws §§ 600.2912d.

encouraged, or knowingly acquiesced in alleged misconduct to establish liability. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008).

Plaintiff does not allege that Berger, Queen, Bradley, or Warden Hemingway were responsible for providing him (or anyone for that matter) with medical treatment, or were involved in making any decisions related to his medical care. At most, he alleges that Berger was indifferent to his injuries when he said to Plaintiff, "What do I look like a nurse – get out of hear [sic] and go to the hospital[.]" (ECF No. 1, PageID.6.) And although he alleges that Duncan provided him medical treatment, and generally that more should have been done for his injuries, he again includes no specific allegations that she denied him, or was part of the decision denying him, either an MRI, additional pain medication, or surgery.

Finally, to the extent Plaintiff claims that Warden Hemingway knew of his inadequate medical treatment "through adminastrative [sic] remedy. Case number: 1012514-F1," (ECF No. 1, PageID.6), "the doctrine of respondeat superior cannot provide the basis for liability in a *Bivens* action," *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-95 (1978)). Accordingly, Plaintiff has not alleged with particularity how each Defendant was involved in the allegations made in his complaint, as provided

above, let alone what each defendant did to violate the Eighth Amendment, and his claims of deliberate indifference to a serious medical need should be dismissed.[4]

### c.    Qualified immunity

Defendants also assert entitlement to qualified immunity.  (ECF No. 11, PageID.68-71; ECF No. 23, PageID.142-143.)  The doctrine of qualified immunity shields government officials performing discretionary functions from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Stoudemire v. Mich. Dep't of Corrections*, 705 F.3d 560, 567 (6th Cir. 2013) (quotation marks and citations omitted).  "In resolving a government official's qualified immunity claims, we look to whether (1) the facts that the plaintiff has alleged or shown establish the violation of a constitutional right, and (2) the right at issue was 'clearly established' at the time of the alleged misconduct."  *Id*.  Here, Plaintiff has failed to adequately state a claim for the violation of a constitutional right, so the Court need not address the second prong of qualified immunity.

### 3.    The Court should construe Plaintiff's complaint to include a negligence claim under the FTCA and dismiss that claim against Defendants, but substitute the United States as the sole Defendant

---

[4] Should the Court agree, it need not address Defendants' additional exhaustion arguments.

"The FTCA allows suit by a federal prisoner for personal injury suffered as the result of employee negligence." *Flechsig v. United States*, 991 F.2d 300, 303 (6th Cir. 1993) (citing *United States v. Muniz*, 374 U.S. 150 (1963)).  Applying the liberal pleading standards afforded *pro se* plaintiffs, *Haines*, 404 U.S. at 520, the Court should construe Plaintiff's complaint as including a negligence claim under the FTCA for allegedly failing to clear the ice and snow that led to his fall. Defendants are correct (*see* ECF No. 11, PageID.73-75; ECF No. 23, PageID.144) that the only specific claim Plaintiff lists in his complaint is for a violation of the Eighth Amendment, but the Undersigned notes that he does so in the "Basis of Jurisdiction" portion of the standard prisoner complaint form (ECF No. 1, PageID.4).  And Plaintiff makes clear references to negligence throughout his complaint.  For example, he alleges that his fall was caused by a failure to de-ice, or shovel, a snow crew was supposed to shovel and salt, but never showed up, and he was injured from a slip and fall "due to – FBOP – Employee's negligent acts[.]" He further alleges that the downspout off the roof drains "right at the base of the gate[,]" "freezes at the base" and "should be removed[.]" (ECF No. 1, PageID.6-7, 11-12.)  Finally, he notes that he filed a federal tort claim grievance in connection with this incident. (ECF No. 1, PageID.17.)  *See Schwensow v. United States*, No. 08-12241, 2010 WL 1064062 (E.D. Mich. Feb. 16, 2010) (*report and recommendation adopted by* 2010 WL 1064006) (analyzing prisoner's FTCA

18

claim related to slip and fall at FCI Milan under Michigan law).  Accordingly, construing the complaint in the light most favorable to Plaintiff, the Court should find that it includes a claim for negligence under the FTCA.

Defendants state in their reply brief that should the Court find "that the complaint states a negligence claim under the [FTCA], Defendants would not contest the assertion in [Plaintiff's] response brief that he has exhausted administrative remedies for such a claim and would move to substitute the United States as the only proper defendant to such a claim."  (ECF No. 23, PageID.144.) The United States is the only proper defendant under the FTCA.  *Mars v. Hanberry*, 752 F.2d 254, 255 (6th Cir. 1985).  But to substitute the United States as a party, the Attorney General is required to submit certification "that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose[.]"  28 U.S.C. § 2679(d)(1).

Although Defendants moved for substitution, they failed to include the certification required under 28 U.S.C. § 2679(d)(1).  Where the Attorney General refuses to certify, the Court may do so.  28 U.S.C. § 2679(d)(3).  But 28 U.S.C. § 2679(d)(3) does not indicate, explicitly at least, that a Court may so certify *sua sponte*.  Nevertheless, the Court should find that the Attorney General satisfied the certification requirement by moving for substitution in the reply brief, dismiss Plaintiff's FTCA claim against Defendants, and substitute the United States as the

only party to the lawsuit.  *See Nwaokocha v. Sadowski*, 369 F.Supp.2d 362, 376

(E.D. NY 2005) (quoting *B&A Marine Co., Inc. v. Am. Foreign Shipping Co., Inc.*,

23 F.3d 709, 717 (2d Cir. 1994) (Glasser, J., concurring) ("A 'certification' is

defined as a 'formal assertion in writing of some fact.'  Black's Law Dictionary

206 (5th ed. 1979).  To regard [the request for substitution of the United States as

sole defendant] of the United States Attorney as anything other than an assertion

and thus a certification that the defendants were employees acting within the scope

of their employment would be to exalt form over substance.").[5]  Moreover, judicial

economy favors such an approach.

### D.    Conclusion

The Court should **GRANT** Defendants' motion to dismiss (ECF No. 11) as

to all Eighth Amendment claims and all named individuals, and substitute the

United States as the sole defendant on the Federal Tort Claims Act claim, which

should go forward.

---

[5] However, it does not appear that Plaintiff requests any injunctive relief in his
complaint.  In his response to the instant motion, Plaintiff asserts that his injuries
should be treated with surgery as well as "proper medication" (ECF No. 22,
PageID.132-134), but his complaint never mentions surgery, alleging only that he
had not received an MRI on his shoulder, and that the medication prescribed made
him "feel goofy" (ECF No. 1, PageID.12-13, 15).  And in the "Relief" section of
Plaintiff's complaint, he requests only compensation from each of the Defendants
and punitive damages.  (ECF No. 1, PageID.15.)

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc*.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

**IT IS SO ORDERED.**

Dated: November 18, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE